UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: MICHAEL ROY BRESSLER,

                    Debtor.

---

MICHAEL ROY BRESSLER,

                         Appellant,

        -against-

STEPHEN PAUL DEWEY,

                         Appellee.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __09/28/2022____

No. 20 Civ. 8815 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

        This appeal arises from the Chapter 7 bankruptcy case of *pro se* Appellant-Debtor Michael

Roy Bressler, a former attorney, in the Southern District of New York, Case No. 17-23566 (RDD).

In 2004, Steven Strum, a former client of Appellant's, obtained a judgment against him in the

Bronx County Supreme Court. Appellant filed for Chapter 7 Bankruptcy first in 2006 and then in

2017—the latter being the proceedings below. In 2020, Strum, by and through his counsel,

successfully moved to restrain one of Appellant's financial accounts. Appellant subsequently filed

a motion before the Bankruptcy Court to hold Strum's counsel in contempt, arguing that he was

already discharged from the obligation to Strum. On July 21, 2020, the Bankruptcy Court denied

Appellant's motion. Appellant commenced the instant appeal on October 22, 2020. (ECF No. 1.)

        On November 18, 2020, Appellant filed an Order to Show Cause in the Bronx County

Supreme Court to vacate and set aside Strum's judgment against him. (ECF No. 10, Ex. A.) A

week later, Appellant requested leave from this Court to file a motion to stay the instant appeal pending a final decision on his motion in state court. (ECF No. 10.)

After it granted leave and the parties filed the relevant briefing, on January 19, 2022, the Court denied Appellant's motion as moot because the state court denied Appellant's request to vacate and set aside Strum's judgment motion against him nearly a year before on March 29, 2021. (ECF No. 14.)  In that same order, the Court directed Appellant "to perfect the Appeal under Bankruptcy Rule 8018 on or before February 18, 2022." (*Id.*) To date, however, Appellant never filed a brief and has not communicated with the Court since March 2, 2021.

Rule 8009 of the Federal Rules of Bankruptcy Procedure states that "[u]nless the district court or the bankruptcy appellate panel by local rule or by order excuses the filing of briefs or specifies different time limits[,] [t]he appellant shall serve and file a brief within 14 days after entry of the appeal on the docket pursuant to Rule 8007." *Id.* This time limitation is not jurisdictional; rather "the court should exercise discretion to determine whether dismissal [due to failure to timely file a brief] is appropriate in the circumstances, and its decision to dismiss will be affirmed unless it has abused its discretion." *Balaber–Strauss v. Reichard (In re Tampa Chain Co.)*, 835 F.2d 54, 55 (2d Cir.1987) (collecting cases); *see also* Fed. R. Bankr. P. 8001(a) ("An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal."). Among the factors that the Court may consider in determining if dismissal is appropriate is whether there is a showing of bad faith, negligence, or indifference. *See In re Tampa Chain Co.*, 835 F.2d at 55; *accord Futterman v. Zurich Capital Corp. (In re Futterman)*, 99–CV–8793 (DAB), 2001 WL 282716, at *3 (S.D.N.Y. Mar. 21, 2001). Moreover, a district court also has the power to dismiss a bankruptcy

appeal for failure to prosecute *sua sponte*. *See, e.g., Babcock v. Philp*, No. 08–CV–1158 (JFB), 2008 WL 4948447, at *2 (E.D.N.Y. Oct. 31, 2008); *Friedus v. United States (In re Friedus)*, No. 94 CV 2687, 1996 WL 622210, at *1 (E.D.N.Y. Oct. 23, 1996); *Mangano v. Green Point Savings Bank (In re Mangano)*, No. 95 CV 1027, 1996 WL 599717, at *1 (E.D.N.Y. Oct. 16, 1996); *In re de Kleinman*, No. 95 CIV. 2663(RO), 95 CIV. 2665(RO), 1996 WL 157469, at *1 (S.D.N.Y. Apr. 4, 1996); *cf. Martens v. Thomann*, 273 F.3d 159, 179 (2d. Cir. 2001).

"Many courts have found an appellant's failure to timely file a brief inexcusable where, as here, the appellant failed to provide an explanation for its failure to file an appellate brief many months after the Notice of Docketing Bankruptcy Appeal." *In re Bristol*, 09-CV-1683 JFB, 2010 WL 1223053, at *2 (E.D.N.Y. Mar. 24, 2010) (citing *In re Tampa Chain Co.*, 835 F.2d at 56 (affirming the dismissal of an appeal from bankruptcy court where appellant failed to file a brief for seven months after the due date and provided no excuse); *In re A & J Elastic Mills, Inc.*, 34 B.R. 977, 978–79 (S.D.N.Y. 1983) (finding a delay of almost three months unreasonable and inexcusable despite the alleged disappearance of the record of proceedings, because the creditor failed to contact the court for over two months); *Adler v. Bancplus Mortgage Corp.*, 108 B.R. 435, 438 (S.D.N.Y. 1989) ("[F]ailure to file a timely brief may result in dismissal of the appeal.").

Here, Appellant's deadline to file the required filings under Bankruptcy Rule 8018 expired 7 months and 10 days ago (or 222 days ago). Further, Appellant has failed to communicate with the Court since he filed the reply affidavit on March 2, 2021, for his previous motion to stay the instant appeal pending the state court's decision on his request to vacate and set aside Strum's judgment against him. Indeed, most notably, the record shows that despite the state court denying his motion to vacate only weeks later on March 29, 2021, Appellant never notified the Court about such development—reason for which his motion to stay remained pending for another 9 months

and 22 days (297 calendar days) until January 19, 2022, when the Court became aware of the decision after it reviewed the state court docket itself.

While the Court recognizes that *pro se* litigants, such as Appellant, "are generally afforded some latitude, they are nonetheless required to learn and comply with procedural rules." *In re Truong*, 388 B.R. 43, 45 (S.D.N.Y. 2008) (citations omitted). "Additionally, [Appellant], who is a former attorney in the State of New York,"[1] and who has previously filed a similar Chapter 7 bankruptcy proceeding and subsequent appeal that was—significantly—dismissed for failure to prosecute,[2] "is not a typical *pro se* appellant unfamiliar with bankruptcy appeals' procedural requirements." *Id.*

Accordingly, the Court finds that Appellant's conduct and substantial delay to be inexcusable under these circumstances. *See Bristol*, 2010 WL 1223053, at \*2 (dismissing *pro se* bankruptcy appeal for failure to file timely appellate brief); *Babcock*, 2008 WL 4948447, at \*2 (same). Appellant has also provided no excuse for his failure to file his brief by the deadline or requested any additional time to do so. And as noted above, nor did he ever notify the Court that the state court denied his request to vacate and set aside Strum's judgment against him, which further substantially delayed the instant appeal without justification.

The Court has considered whether some lesser sanction is appropriate, but concludes that a lesser sanction is unwarranted because Appellant not only missed the requisite deadline, but has failed to communicate with the Court in 18 months and 26 days. Accordingly, under these circumstances, the Court concludes that dismissal is warranted based on Appellant's either

---

[1] In 2004, after he was suspended "based on his substantial admissions under oath that he had committed professional misconduct and other uncontested evidence of misconduct," Appellant submitted his resignation from the practice of law. *In re Bressler*, 774 N.Y.S.2d 36 (1st Dep't 2004).

[2] *See Bressler v. Forrest, et al. (In re: Michael R. Bressler)*, No. 1:08-cv-6812-SAS, Order of Dismissal for Failure to Prosecute Bankruptcy Appeal (ECF No. 3) (S.D.N.Y. Nov. 13, 2008).

negligence or indifference to the prosecution of this appeal, as well as his disregard for the Court's Orders for many months.

Based on the foregoing, the Court DISMISSES the instant appeal. The Clerk of the Court is kindly directed to CLOSE this case, and to mail a copy of this Opinion and Order to *pro se* Appellant at his address on ECF and show service on the docket.

Dated:  September 28, 2022
    White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge